In our next case, 224397 United States v. Miller, Ms. Harold will hear from you. I would note on behalf of the panel, a reminder to counsel that there is a juvenile victim in this case, and so we would suggest refraining from use of any identifying indications, like the name of the juvenile, for instance. All right, we'll hear from you. Jennifer Harold Thank you, Your Honor. May it please the Court, Jennifer Harold on behalf of the United States. In this case, the District Court plainly abused its discretion by precluding the United States from introducing any witnesses or testimony at trial beyond a single exhibit, particularly evidence about the victim's age and how the defendant knew her. The charged offense, a violation of Section 1470, required the United States to prove that the victim was under the age of 16 and that the defendant knew she was under the age of 16. Rule 403 Prejudice simply does not apply to the basic facts of the offense, such as the qualities of the victim that make the offense a crime. This is doubly true when the Rule 403 balancing test was based on an erroneous reading of old sheet. The United States had rejected a stipulation proposed by the defendant that he would agree that he knew the victim was under the age of 16, rather than giving the victim's specific age and how he knew her. The Court, finding that the stipulation had been offered, found that Rule 403 excluded the United States from presenting any evidence beyond that stipulation. The clear violation of old sheet and a clear violation of the Rule 403 balancing test with regard to undue prejudice when it involves direct facts of the case that go directly to the elements. The Court's exclusion of this was not a mere abuse of discretion, but a plain abuse of discretion as is required to reverse a court's 403 balancing test. This case must be... If I could interrupt you. Putting aside, just for the sake of this question, the old sheet issue about whether you are required to accept the stipulation or not. So, I understand the point there, but just for the sake of this question, assume that's not We're not taking, we're not considering that. Is there, is there authority that addresses in the, in the, in the context here about whether something's obscene, the context of the material as opposed to the content of the material? Because there's a, you know, it might seem intuitive to say, yeah, the age matters, knowledge of age matters, the relationship matters. But is there authority that addresses that one way or the other, that do we look just at the content, or do we also get to look at the context? It's a little unclear on the guidance. What is clear is that in evaluating obscene material, it's based upon the work as a whole. And in this circumstance, the work as a whole is this individual letter, which was the single exhibit the United States was allowed to present. However, the letter itself provides no clear indication of what is being described. And the specific nature of what is being described can only be shown and demonstrated to the jury by knowing who the victim is. Because the letter describes sexual activity between the defendant and the victim. And the victim's particular identity and age are pertinent for the jury to understand what this letter is describing. And for the prurient interest prong, which the United States believes that that issue goes to, one of the factors that a jury is to analyze is whether the conduct described goes to, or is something that would arouse disgust in the average person. And the very reason that defendant argues that this evidence should be excluded is that it would arouse disgust in the jury, which is literally the evidence and the element that the United States has to meet. Obscenity cases are a little unique in that respect, in that the evidence that is necessary to prove the offense is almost invariably going to be prejudicial and disturbing to a jury. But that is not a reason to exclude it. If that was a basis for excluding it, it would be fairly impossible to prove an obscenity case under any circumstances. So if the letter described these acts with a hypothetical person, a work of fiction, you're saying that you don't need to know more than what's in the letter. But if the letter describes the victim, the actual person, and doesn't give us important information about them, information about who that person is is relevant to understanding whether this is obscene or not. That if it's describing an adult, a stranger, perhaps not obscene, but if it's describing a child who knows the victim in a particular way, or knows the defendant in a particular way, that can make it obscene. I don't want to cover every hypothetical, but I think that what it comes down to, and I think this is the point that Your Honor is making, the issue is that because this was a letter directed from the defendant to the victim, who obviously knows who she is and what their relationship is, it's not written out. If this had been a hypothetical or a scenario where they were writing a story, it would almost certainly include the information. It would describe the relationship between the two parties being described in the letter. Right. This is not a magazine article. This is not an entry in a book. This is about a particular person, and you have to have that context to understand if it's obscene or not. Exactly, Your Honor. Particularly in this scenario, the audience, the victim, obviously knew all of that, and the defendant knew all of that. Everyone who was privy to this letter would have known the context, and in order for the jury to determine whether that letter itself was obscene and did appeal to the prime interest, it can't be left in the dark. It's something that every other party to the prime was aware of, and so by excluding this evidence, specifically with regard to that prime interest prong, the jury would have been deprived of critical evidence rather than being told evidence that could arouse an emotional verdict that was based on things outside the context of the prong. Also, in addition to being highly relevant to the prurient interest prong, the age of the victim was obviously an element the United States had to prove, and the court's order precluded the United States from even introducing evidence that she was under 16 or what her age was unless entering into the stipulation which it had previously rejected, and the same goes to the defendant's knowledge. Nothing in the letter itself indicates how the defendant knew the victim or even that he did know that she was under the age of 16, so other than having some evidence outside of this letter, there would be no way to meet two elements of the offense without entering a compelled stipulation, which the United States obviously is not required to do under old human rights. This case involves an assumption made that the United States must rely on a stipulation, and then finding that reduces the appropriate value of the evidence so low that Rule 403 would exclude it. This is an erroneous decision based upon another erroneous decision, which constitutes a plain abuse of discretion. Obviously, a high burden to meet, but this is one of those exceptional cases where the United States believes that plain abuse of discretion was what happened in this case, and the case, and the order must be vacated. I understand that the district court also ruled on a ground of relevance, but I take it from the briefing of the parties that's conceded that that portion of the opinion was erroneous. I believe that is conceded, Your Honor. There were several 403 bases for the exclusion as well as relevance. It appears that everything has been abandoned except for the undue prejudice portion of the 403 analysis. Okay. Do you have some rebuttal time? We'll look forward to hearing from you then, Mr. Page. As opposing counsel correct, the only thing left here is the unfair prejudice claim under 403. I think, in part, I would submit that the evidence of the relationship between Miller and M.M. is irrelevant to the issue of the sentence. I thought you conceded that the district court's ruling on relevance was horrendous. We conceded that the district court could not preclude the government from introducing testimony that Mr. Miller knew the defendant and how old she was, and that she was 14 years old. We did concede that. We did not concede that the evidence of their relationship was admissible to prove the element of obscenity. There are two different bases upon which evidence of their relationship is sought to be admitted by the government. The first one is to Miller's knowledge of M.M.'s age. Let me ask you this question. In order to prove some of the necessary elements under this statute, the government is required to prove age, knowledge of age. How would the government do that in this case unless it accepted the stipulation? And that is what we are conceding, is that the government is entitled to present a witness who can testify. And there was a law enforcement officer in this case who interviewed Miller where Miller admitted that he knew M.M. was 14 years old. We concede that the district court abused its discretion in not allowing the government to present that part of the evidence. Where we maintain that the district court was correct and should be affirmed is that evidence of their particular relationship should be excluded both under Rule 403 as unfairly prejudicial to prove how he knew her age and irrelevant entirely as to the issue of obscenity. And that's the question I think Judge Quattlebaum was getting at with his very first question to the government. There is no case law that was cited by the government, no case law that I'm aware of that holds that a jury can consider anything beyond the four corners of the allegedly obscene material to consider the issue of obscenity. So that means it can't consider her age to decide whether this is obscene. The jury has to think, you know, this is obscene whether this person is 30 or whether they're 3. I would agree with that. That's what you think. You think that obscenity has nothing to do with the age of the victim. Exactly. Whether it would aggrouse disgust and appeal to the purient interest. That's exactly correct, Your Honor. What's the authority for that? Miller itself says that the average person applying contemporary community standards must determine... Would the average person applying contemporary community standards think that sex between a 2-30 year old and sex between a 30 year old and a 3 year old is the same? That's not the issue, Your Honor. The issue is whether the average... If within the four corners of the material, okay, it describes sex between an adult and a minor, then yes. How do you know it's a minor? In this case, we don't. And in this case, you really can't get away from that issue. The jury is going to know that this was written to a minor. It was a letter. The facts were that it was transmitted to a minor, to a 14 year old. And Congress thinks that that is criminal. That the age matters because it makes it... It puts it in a different category. Now that's a separate element, right? That he knew the age. That's correct. But I don't see how you get around the definition of obscenity here. The definition of obscenity has to be the same regardless of... The definition of obscenity has to be the same regardless of to whom the material is sent. The statute says... Right, but that's not what we're asking. We're asking what is the material about? What is it describing? What acts is it describing? And the person who the acts are happening to is relevant in understanding what is this letter describing? Not just who gets it, who happens to read it, but what is it describing? Only if that information is present in the material itself. If this letter, instead of being sent to M.M., was erroneously mailed to somebody else, and that other person receives it and picks it up, they need to be able to determine whether it's obscene on its face without knowing who it was intended for. What authority do you have for that besides Miller itself? I did ask your colleague that, that I want to ask you. The letter, for example, I'm not going to go into anything specific, but it does talk about, I'm going to do these things to you. So, how does your set... It seems to note that the jury would need to know who you is to understand the letter. You seem to say no. You just get to look at the whole corner. I accept that argument, but what tells me you're right? Your Honor, based on my review of the cases cited both at the district court level and in the briefings before this court, the only case that I found that was at all touched on that issue was the Sagehorn case. I apologize, I don't have an exact site for it. It's a district of Minnesota case. And it addressed a tweet. There was a tweet that said, did some particular student make out with a teacher? And the response was, it was basically a concession by the student. And what the district court looked at in that case was whether the word make out was offensive, was obscene or not. It didn't consider the impropriety of the relationship between the student and the teacher. It looked at just the word itself. That's the only authority that I've been able to come up with. I would submit that it's the government's lack of authority that we can consider more telling. So, I assume that based on your answer with regard to the factor of age, it would be the same with regard to a factor of relationship. It would, Your Honor. And again, that's part of the problem with this case. You can't take out the jury's knowledge that this letter was written to a minor. That shouldn't be part of the consideration of whether it was obscene in the first place. We can and should excise the issue of the relationship between Miller and the minor because that is unfairly prejudicial and irrelevant still. I think a jury instruction would be appropriate to tell the jury that they cannot consider the relationship between the two as an adult and a minor in determining the issue of obscenity. Because that's not within the four corners of the document. And I've thought through, I've tried to think of some hypotheticals to illustrate this. One that I thought of last night was the Beatles song, Lucy in the Sky with Diamonds. It's on its face an innocuous, innocent song. If the listener has more information, you figure out that's a song about drugs, about LSD. But we can't rely on that to determine whether the song on its face is obscene or not. Another example I came up with would be some sort of pornographic material that's not otherwise obscene. If the average person applying contemporary community standards watches that video and does not believe it to be obscene based on the Miller test. If that person later finds out that the two people in the video were brother and sister, I think we would say that's probably obscene. But you can't consider that. You can't consider individual facts that the recipient may or may not know. It has to be obscene on its face. That's the way the statute is written. It says transmits obscene material to a minor. It has to be obscene first. Transmitted to the minor. Does not transform it from not obscene to obscene. And Congress, I think, would know how to apply a different standard when material is sent to a minor. One of the cases that was cited within Miller itself was a previous Supreme Court case, Ginsburg. And in that case, the Supreme Court examined a statute that made it illegal to provide obscene material to a minor. And within that statute, defined obscene material as appealing to the purient interest of a minor. And further defined what would be obscene to a minor. So Congress knows how to change the standard for obscene material in different contexts. I don't think anyone here is arguing we look at this from the recipient's subjective state of mind. What you're looking at is to determine whether the letter is obscene. You get the benefit of, I would say benefit. Does the fact that pronouns are used keep you from being able to, keep the jury from being able to understand who it was sent to? Which keeps them from really understanding the content of the letter. I think that's the issue. Here, the question is whether when it's framed with pronouns, does the information you seek to exclude really distort the content in some way? Or hide the content? I would say no. Because this is still a transmitting obscene material to a minor. The jury can determine on its face whether the way that Miller described the sexual acts was obscene or not. And the fact that he had some relationship with her doesn't change what was on the face of the document. A person picking this up on the street needs to be able to determine on its face whether it was obscene or not. What Miller and the obscenity cases that it discussed, the problem it was addressing was providing pornographic materials, hardcore pornography, and things of that nature to minors and to people who didn't want to receive the material in the first place. Miller involved the unsolicited mailing of otherwise obscene material. It was a mass mailing to people who weren't looking for it. And the question was whether I think the state of California had the ability to even regulate that speech or not. And the only reason that it had the ability to regulate it was because it was obscene in the first place. And so that's why I would submit that he had to stick to the four corners of the document. The other ground that the government raised as to admissibility was that it was probative of Miller's knowledge of MN's age. And first off, that's not, how he knew her age is not an element. That he knew her age is, we offer to stipulate to that. The government is not required to accept that offer to stipulate. But it's very clear that Miller readily admitted that he knew her age to be 14 when he was interviewed. That element is not fairly in dispute. And the district court was... What about the language in Old Chief and all these other cases? It says you can't hamstring the government telling the full story of the particular event. You can't interrupt the narrative to use that language. Well, this isn't part of the narrative. And what Old Chief did recognize, the government's ability to put on its case as it sees fit. Notwithstanding, there are certain circumstances where the probative value of a piece of evidence is so small. And compared to its prejudicial effect, that it may rightly be excluded. And Old Chief obviously recognized a quintessential example of that with the fact of a prior conviction in a felony possession type case. Which went to status, not so much as to a narrative. Correct. And that's one of the reasons why the evidence of a prior conviction in a felony possession case has such little probative value. We would submit that in this case, the evidence of the relationship between Miller and M.M. is also of very little probative value given his admission on that element when he was interviewed. This is not a contested element where the government needs to build inferences in order to prove that. Particularly when the way that it would build those inferences is so unfairly prejudicial. And if you look at the cases that the government cited on this particular theory of admissibility. You have the Dunford case, and that was the drug user in possession of a firearm case. Where the defendant stipulated that he was an unlawful drug user. But nevertheless, over a Rule 403 objection, the government was allowed to present evidence that drug paraphernalia was found inside the home. When the search was executed. In that case, the drug evidence was more evidence of the same type that was stipulated to. And that was part of the telling of the story of how law enforcement came in and was able to search. Why wouldn't this be evidence of the same type? Because it is substantially more prejudicial. If it was just more evidence of the fact that Miller knew her age, we wouldn't be here. This is evidence of a whole other crime. And one that the government has spent ages, both at the district court level and here, to describe how horrific this additional crime is. Why does the fact that it might be the subject matter of another crime matter? I know it's, I get, I mean, the fact that it may be criminal in another way may be prejudicial to your client. But is it unfairly prejudicial?  Why? Why is the fact that if you assume it's relevant, if it happens to be criminal in another way, why should that make it unfairly prejudicial? One, because the probative value of the evidence is so small. But two, incest has long been a horrific, taboo topic, crime. Something that is very likely to incite the emotions of the jury to the point where if this is a closed case, the fact that they had some relationship beyond an adult and a minor is likely to sway the jury and say, well, this guy was doing this to his, and it's an adopted sister, that's in the record, but I want to note that. But nevertheless, it's likely to sway the jury. And absent some better ground to admit that evidence, its probative value is so minuscule that it should stay out. And that was one of the key discussions in Old Chief was when evidence is not contested, the district court can balance the very minute amount of probative value when making a 403 assessment. So what's your best case as a derivative of Old Chief? In this instance, Your Honor, the government we concede is entitled to present a witness to testify that Miller was interviewed and admitted that he knew M.M. was 14 years old and no more. And it's not, they're not required to stipulate to that, we understand that. But Old Chief also says that in making a 403 balancing decision... So what I'm asking you is, do you have a case that comes after Old Chief that supports your position? Ham, it was a Fourth Circuit case that we cited. That was a RICO case where the defendants were running a Hare Krishna community. Right, but how does Ham help you do that? The evidence they wanted to get in that case had nothing to do with the crime. It was offered as motive, as supportive of the element of motive. And the fact that M.M. and Miller were adopted brother and sister in this case is also not related to the crime. If you look at the elements of the offense with which he is charged, this is not an enticement offense. This is a providing obscene material to a minor case. Obscene material is required to be judged on its face without any additional evidence of context. And given Miller's admission that he knew how old she was, it is of very minimal probative value on the element that he knew her age. I want to conclude, and I'm glad I got a chance to get this in because in the public defender's office we don't often get a chance to cite the standard of review and rely on it. This is a plain abuse of discretion standard on review. At the time the district court made its ruling, the government in its trial brief had noted that given the party's stipulations, the issue before the jury in this case is very narrow. Whether the letter sent by defendant to M.M. is obscene. As such, the United States anticipates that its case in chief will be briefed if any legal issues remain. That's from page 25 of the joint appendix. The government kind of walked that back and argued the issue of its relevance to the issue of Miller's knowledge of her age. But in making its decision, I think the district court rightly recognized that the issue of Miller's knowledge of her age was of minimal importance in this case. And further concluded rightfully again that extraneous evidence, additional evidence of context was not relevant to the issue of obscenity. And in so concluding, the district court did not plainly abuse its discretion in concluding that evidence should stay out for that reason. Thank you, Mr. Page. Ms. Harrell? Thank you, your honor. A few points just of response. I think one thing that obscenity cases are challenging in determining how you determine obscenity. But I think there is some degree of conflation being made by a defendant between the prurient interest prong and the patently offensive prong. The United States would agree the patently offensive does relate just to the words on the paper. And it's whether the words on the paper describe sexual activity in a patently offensive way. And those specific descriptions are just the literal words that are used. The prurient interest prong looks to the work as a whole. And I think Judge Rushing made a good point about when you look at the work as a whole, you have to understand what the work is saying. And when the author and the recipient would have had that inside information, to withhold it from the jury is to not let them know the work as a whole. So I think there is a bit of a distinction between literally just looking at four corners and looking at the work as a whole, which does require the jury to at least know what is being described. In terms of the question as to the Old Chief commentary about weighing the evidentiary value when there is a stipulation, that was actually much narrower than what the defendant is arguing. It talks about when the stipulation is the evidentiary equivalent. And in Old Chief, when you're talking about a status, that is the weight of that evidence is an evidentiary equivalent. In this case, evidence that is a stipulation that simply tracks the language of the statute is always going to be second best to the actual facts of the case. And that is why both 403 and Old Chief say the facts of the case, the defendant does not get to withhold those just because they look bad to the defendant. And these facts do look bad to the defendant, but that is not a reason to exclude them. And I think the Grimman case is helpful in that respect. Because if you look at that, the evidence that was permitted was that the defendant had used a firearm to engage in a shooting. He was charged with being a felon in possession. The possession could obviously have been proven through less prejudicial evidence than the fact that he had shot someone. And that obviously would constitute another crime. But the Fourth Circuit said that was not excludable under 403. The government can use its best evidence rather than allowing 403 to be a shield to protect the defendant from having the jury know exactly what he did to commit the crime. The argument also about the weight, whether it's the United States can put on a witness who has a very limited scope of only testifying as to tracking the language. But he knew that she was under 16. That's going to leave a lot of questions for the jury. How did he know? Who is this person? And as Old Chief points out, when there are gaps in the narrative, when you are presenting a mere abstraction to the jury rather than a flesh and blood victim, they're going to draw negative inferences against the government. And that is exactly why Old Chief says the United States can present its case as it chooses. And I think rather than looking at him, which involved, as Judge Agee said, essentially unrelated sexual activity when you're looking at a RICO case, I think looking at a case like the child pornography cases, those kind of cases are a much better example. In those cases, the government can introduce images and videos of child pornography even if a stipulation is proffered by the defense. And that's because the government can put on that evidence because it is the crime. And it often goes to multiple elements of the offense. And this evidence, the relationship, goes to multiple elements of the offense. It goes to obscenity and it goes to the knowledge of age. And for that reason, the United States should be allowed to introduce that evidence. And it was a clear abuse of discretion for the court to exclude that evidence and essentially preclude the United States from putting on any case other than admitting a single exhibit in front of the jury. It also flies in the face of Old Chief, which talks about the government has to put on a case that meets a jury's idea of what a trial looks like. And frankly, I can't even envision a trial where we go into openings, I admit an exhibit, and then I rest my case. I think everyone in the courtroom will be left confused. And that is exactly why the United States has to be allowed to present some form of evidence to give the jury a story of the crime that happened. And for that reason, the United States asks that the order be vacated with instructions to allow the government to introduce this evidence. All right. Thank you very much. We appreciate the argument of both counsel. As you know, we would ordinarily come down and greet you in person, but we can't do that now. So we hope that we'll be able to the next time you come back.
judges: G. Steven Agee, A. Marvin Quattlebaum Jr., Allison J. Rushing